UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 15-308(1)** |
| **LARRY DUPOR** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendant Larry Dupor's Motion for Compassionate Release in light of the COVID-19 virus outbreak at the Federal Correctional Institute in Yazoo City, Mississippi where he is housed (Doc. 401). The Government opposes Defendant's request (Doc. 407). This Court considers Defendant's Motion on an expedited basis. For the following reasons, the Motion is **DENIED**.

### BACKGROUND

Defendant is incarcerated at Federal Correction Institute ("FCI") Beaumont Low, serving a 120-month sentence of imprisonment followed by 5 years of supervised release for one count of conspiracy to distribute one kilogram or more of heroin and one count of attempted distribution of one hundred grams or more of heroin. He is scheduled to be released on December 4, 2024. The Bureau of Prisons ("BOP") reports that as of June 18, 2020, 1 staff

member has tested positive for COVID-19 at Beaumont Low.[1] The BOP reports that no inmates or staff have died.[2]

Defendant is a 48-year old black male, and he asserts that his medical conditions make him more vulnerable to COVID-19. Specifically, Defendant notes that he suffers from chronic hypertension and high cholesterol. Defendant applied for compassionate release with the Warden of Beaumont Low on April 13, 2020. The Warden denied Defendant's request on June 9, 2020, finding that his "medical conditions do not currently warrant an early release from [his] sentence."[3]

## **LEGAL STANDARD**

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[4] Section 3582(c), as amended by the First Step Act ("FSA"), states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that-- (1) in any case-- (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set

---

[1] *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited June 18, 2020). A "Memorandum for FCC Beaumont Inmate Population," from the facilities' three wardens, reported that as of May 22, 2020, a total of 7 staff and 0 inmates had been "impacted" by the virus at all three FCI Beaumont facilities. Doc. 105-1.
[2] *Id.*
[3] Doc. 105-3.
[4] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Sentencing Commission's policy statements on compassionate release set forth facts that are considered "extraordinary and compelling." "Although historically sentence reductions could be ordered only upon a motion by the Director of the Bureau of Prisons, the First Step Act of 2018 amended the statute to additionally allow prisoners to petition the Court."[5] The Sentencing Commission's policy statements have not, however, been amended since the enactment of the First Step Act, "and consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as amended."[6] In recognizing this discrepancy,

> [m]any courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants pursuant to the First Step Act. Accordingly, other district courts have found that they have discretion to determine what constitutes an "extraordinary and compelling reason[ ]" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive.[7]

The policy statement states that, provided a defendant is not a danger to the community, extraordinary and compelling reasons exist under the following circumstances:

> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of

---

[5] United States v. Perdigao, No. CR 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020).
[6] *Id.*
[7] *Id.*

> death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[8]

---

[8] U.S.S.G. 1B1.13.

## LAW AND ANALYSIS

Defendant has shown, and the Government does not dispute, that he has exhausted the § 3582(c) requirements to bring a motion for compassionate release before this Court. Accordingly, Defendant's motion is properly before this Court.

Considering Defendant's request on its merits, however, his motion fails. Defendant moves for compassionate release in response to the COVID-19 pandemic. To succeed on a motion for compassionate release, Defendant must show extraordinary and compelling reasons. Defendant avers that he suffers from chronic hypertension and high cholesterol, but Defendant fails to provide this Court with any evidence of such conditions. The medical records provided by the Government say nothing about Plaintiff's cholesterol or blood pressure. Moreover, none of Defendant's listed health problems include conditions that may be exacerbated by COVID-19. Defendant only suffers minor dental and dermatological issues.

The Centers for Disease Control has identified persons over 65 years old as being at a higher risk for serious illness; yet Defendant is only 48 years old.[9] "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.23." Accordingly, his request is denied.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion is **DENIED**.

---

[9] People Who Are at Higher Risk for Severe Illness, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

New Orleans, Louisiana, on this 18th day of June, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**